UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, a Connecticut corporation, | CASE NO. 13-5013 RJB |
| Plaintiff, | ORDER ON PLAINTIFF |
| v. | HARTFORD FIRE INSURANCE |
| SHERRY W. PARKER, in her official | COMPANY'S MOTION FOR |
| capacity as Clark County Clerk; and SHERRY W. PARKER and PHILIP A. | SUMMARY JUDGMENT AGAINST |
| PARKER, individually and as a marital community, | DEFENDANT SHERRY W. PARKER |
| Defendants/Third Party Plaintiffs, | |
| v. | |
| FARMERS INSURANCE EXCHANGE, INC., a California corporation, | |
| Third Party Defendant. | |

ORDER ON PLAINTIFF HARTFORD FIRE
INSURANCE COMPANY'S MOTION FOR
SUMMARY JUDGMENT AGAINST
DEFENDANT SHERRY W. PARKER- 1

1   This matter comes before the Court on Plaintiff Hartford Fire Insurance Company's

2   ('Hartford') Motion for Summary Judgment against Defendants Sherry W. Parker, in her official

3   capacity as Clark County Clerk, and Sherry W. Parker and Philip A. Parker, individually.  Dkt.

4   22. The Court has considered the pleadings filed in support of and in opposition to the motion

5   and the file herein.

6   On January 7, 2013, Hartford filed this diversity case against Sherry W. Parker, the

7   publically elected Clark County Clerk from 2007-2011, for indemnification for payment on a

8   bond, for unjust enrichment, and for negligence.  Dkt. 1.  Clerk Parker filed an answer and

9   asserts claims against her insurance company, Farmers Insurance Exchange, Inc., for breach of

10  contract.  Dkt. 12.  In the pending motion, Plaintiff Hartford seeks a summary judgment that it is

11  entitled to indemnity from Clerk Parker.  Dkt. 22.  For the reasons set forth below, the motion

12  should be granted.

13                    **I.      FACTS AND PENDING MOTION**

14  **A.  RELEVANT FACTS**

15  On or about April 17, 2001, Hartford issued a Faithful Performance Position Schedule with

16  Automatic Coverage Bond no. 52BSBT6744, ('Bond'), naming Clark County, Washington, as

17  employer.  Dkt. 22-2, at 6-9.  The Bond provides:

18      KNOW ALL MEN BY THESE PRESENTS that Hartford Fire Insurance
        Company, a corporation duly authorized by law to become surety on bonds in the
19      State of Connecticut (hereinafter called the Surety), in consideration of an agreed
        premium binds itself to pay to Clark County, Washington (hereinafter called
20      Employer) within sixty (60) days after satisfactory proof thereof, such pecuniary
        loss as the Employer shall have sustained by reason or in consequence of the
21      failure of any Official or Employee (hereinafter called Employees) who may now
        or hereafter occupy and perform the duties of any position named upon the
22      schedule of positions attached hereto as a part hereof, during the period
        commencing with the respective date set opposite such positions in said schedule
23      and ending with (a) the termination of the suretyship for any employee by his
        dismissal or retirement from the service of the Employer, or (b) by the discovery

24
ORDER ON PLAINTIFF HARTFORD FIRE
INSURANCE COMPANY'S MOTION FOR
SUMMARY JUDGMENT AGAINST
DEFENDANT SHERRY W. PARKER- 2

of default hereunder, or (c) by cancellation by the Employer or the Surety, as hereinafter provided, faithfully to discharge the duties of his office.

*Id.,* at 6.  The "County Clerk" appears on the schedule of positions and the amount of the bond for that position is listed as $250,000.  *Id.,* at 9.  Ms. Parker held the elected office of Clark County Superior Court Clerk from 2007 to 2011.  Dkt. 27, at 44.

In September of 2008, the Estate of Irwin P. Jessen ("Estate") made two deposits totaling $976,775.55 with Clark County Clerk Parker in connection with *Battle Ground Plaza LLC v. Douglas Ray, et al*., Clark County Washington Superior Court No. 02-2-00973-9.  Dkt. 27, at 45. The two "Notice[s] of Cash Deposit as Supersedeas Bond" filed in connection with the deposits provided that Clerk Parker was to "place these funds in an interest-bearing trust account to be held as bond to supersede the Supplement Judgment entered in this case during the pendency of the appeal." Dkt. 27, at 18.  The funds were to be held "pending return of the mandate in Court of Appeals Cause No. 37791-8-II and thereafter until disbursed pursuant to further order of court or by agreement of the parties." *Id.*

In accord with these notices, the funds were deposited into an interest bearing account in the Bank of Clark County.  Dkt. 27, at 45.  The Bank of Clark County then failed and the Federal Deposit Insurance Corporation, as Receiver ("FDIC"), took over.  Dkt. 27, at 45.  Clerk Parker was able to recover $500,000 of the funds the Estate deposited (and some other unspecified portion), but some of the remaining funds deposited in connection with this case were lost ("lost funds"). Dkt. 27, at 45, 48-49.

According to Clerk Parker, the Clark County policies regarding depositing funds of this nature were followed.  Dkt. 27, at 45.  Clerk Parker testified that there were no policies in place to deal with the FDIC's insurance caps on accounts.  Dkt. 27, at 45.

1    On January 10, 2012, the Estate filed a case in Clark County Superior Court to recover

2    around $365,000 of lost funds.  *Anderson v. Sherry Parker, et al.*, Clark County Washington

3    Superior Court No. 12-2-00049-6.  The Estate named Clerk Parker and Hartford (among others)

4    as Defendants.  *Id*.  On July 27, 2012, the Superior Court granted the Estate's motion for partial

5    summary judgment.  Dkt. 1, at 14-15.  The Superior Court held that Clerk Parker was strictly

6    liable for the funds.  Dkt. 27, at 9-10.  Hartford was ordered to pay the full sum of the bond,

7    $250,000, to the Estate.  Dkt. 1, at 15.  Hartford paid an additional $50,000 to the Estate to settle

8    any and all remaining claims against Hartford.  *Id.,* at 17-22.  Hartford has made repeated

9    requests to Clerk Parker for indemnification for losses under the bond and associated costs.  Dkt.

10   22-1 and 22-2.

11   B.  **PENDING MOTION**

12   In the pending motion, Hartford asserts that it is entitled to indemnity from Clerk Parker

13   because where a surety, here Hartford, is compelled to pay an obligation of the principal, the law

14   implies a promise on the part of the principal to reimburse the surety.  Dkt. 22.  Hartford argues

15   thatClerk Parker is the primary obligor for the lost funds because under Article 11, Section 5 of

16   the Washington State Constitution, public officials are strictly accountable for all public monies.

17   *Id.*  Accordingly, it seeks summary judgment against Clerk Parker for the $300,000 it paid in

18   partial satisfaction of a debt for which she is the primary responsible party.  *Id.*

19   Clerk Parker responds and argues that Hartford's right of subrogation is limited by equitable

20   principles.  Dkt. 26.  Clerk Parker further asserts that there is no right of subrogation against

21   Clerk Parker as an insured.  *Id.*  She further argues that Clark County waived its right of

22   subrogation against Clerk Parker for actions taken in good faith and in the course and scope of

23   her duties.  *Id.*

24   ORDER ON PLAINTIFF HARTFORD FIRE
     INSURANCE COMPANY'S MOTION FOR
     SUMMARY JUDGMENT AGAINST
     DEFENDANT SHERRY W. PARKER- 4

1    Hartford replies and argues that Clerk Parker's positions are meritless due to her confusion of

2    suretyship and insurance.  Dkt. 29.  It points out that she offers no opposition to Hartford's right

3    to indemnity, but raises arguments about subrogation rights, a different form of relief.  *Id.*

4    Hartford asserts that Clerk Parker's discussion of equities and "unclean hands" has no basis in law

5    or fact and do not bar summary judgment.  *Id.*  Hartford argues that Clerk Parker's discussion of

6    the County's subrogation rights against her is not relevant to this motion.  *Id.*

## II.    DISCUSSION

### A.  SUMMARY JUDGMENT STANDARD

9    Summary judgment is proper only if the pleadings, the discovery and disclosure materials

10   on file, and any affidavits show that there is no genuine issue as to any material fact and that the

11   movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c). The moving party is

12   entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

13   showing on an essential element of a claim in the case on which the nonmoving party has the

14   burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue

15   of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find

16   for the non moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

17   (1986)(nonmoving party must present specific, significant probative evidence, not simply "some

18   metaphysical doubt.").  *See also* Fed.R.Civ.P. 56(e).  Conversely, a genuine dispute over a

19   material fact exists if there is sufficient evidence supporting the claimed factual dispute,

20   requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty*

21   *Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors*

22   *Association*, 809 F.2d 626, 630 (9th Cir. 1987).

23

24
ORDER ON PLAINTIFF HARTFORD FIRE
INSURANCE COMPANY'S MOTION FOR
SUMMARY JUDGMENT AGAINST
DEFENDANT SHERRY W. PARKER- 5

1    The determination of the existence of a material fact is often a close question.  The court

2    must consider the substantive evidentiary burden that the nonmoving party must meet at trial–

3    e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254, T.W. *Elect.*

4    *Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor

5    of the nonmoving party only when the facts specifically attested by that party contradict facts

6    specifically attested by the moving party.  The nonmoving party may not merely state that it will

7    discredit the moving party's evidence at trial, in the hope that evidence can be developed at trial

8    to support the claim.  *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).

9    Conclusory, non specific statements in affidavits are not sufficient, and 'missing facts' will not be

10   'presumed.' *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

11   **B.  SURETYSHIP AND INDEMNIFICATION IN WASHINGTON**

12   As a federal court sitting in diversity, this court is bound to apply state law.  *State Farm Fire*

13   *and Casualty Co. v. Smith*, 907 F.2d 900, 901 (9th Cir. 1990).   In applying Washington law, the

14   Court must apply the law as it believes the Washington Supreme Court would apply it.

15   *Gravquick A/S v. Trimble Navigation Intern. Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2003). "[W]here

16   there is no convincing evidence that the state supreme court would decide differently, a federal

17   court is obligated to follow the decisions of the state's intermediate appellate courts ." *Vestar*

18   *Dev. II, LLC v. Gen. Dynamics Corp.,* 249 F.3d 958, 960 (9th Cir.2001) (*quoting Lewis v. Tel.*

19   *Employees Credit Union,* 87 F.3d 1537, 1545 (9th Cir.1996) (*internal quotation marks omitted*)).

20   Under Washington law, where a 'surety performs the obligation of the principal, or where the

21   surety's property is used to satisfy the principal's duty, the principal is required to reimburse the

22   surety.' *Honey v. Davis*, 131 Wash.2d 212, 218 (1997).  A 'written contract is not necessary to

23   create a principal-surety relationship.' *Id.* "In such cases, there is an implied promise by the

24   
ORDER ON PLAINTIFF HARTFORD FIRE
INSURANCE COMPANY'S MOTION FOR
SUMMARY JUDGMENT AGAINST
DEFENDANT SHERRY W. PARKER- 6

principal to indemnify the surety notwithstanding the absence of an express written agreement."

*Id.*

It is undisputed that Hartford is the surety here.  Further, Clerk Parker, the principal, does not dispute that she is under Washington law strictly liable for the lost funds.  Article 11 Section 5 of the Washington State Constitution provides that: "The legislature, by general and uniform laws, shall provide for the election of . . . county clerks . . . and . . . shall provide for the strict accountability of such officers for all fees which may be collected by them and for all public moneys which may be paid to them, or officially come into their possession." Further, RCW 36.16.050 requires that all county officials "shall furnish a bond conditioned that he or she will faithfully perform the duties of his or her office and account for and pay over all money which may come into his or her hands by virtue of his or her office." It is undisputed that Hartford paid $300,000 on the bond for the principal, Clerk Parker, to satisfy her duty regarding the money which came "into . . . her hands by virtue of . . . her office" as a result of the *Battle Ground Plaza LLC v. Douglas Ray, et al.*, Clark County Washington Superior Court No. 02-2-00973-9 litigation.  RCW 36.16.050.  Accordingly, Hartford argues it is entitled to reimbursement from Clerk Parker for the $300,000.

In her Response, Clerk Parker argues that Hartford's right of subrogation is limited by equitable principles, and equitable principles do not support Hartford's claim of subrogation because it failed to take action to protect Clark County or Clerk Parker from the Estate's claims.  Dkt. 26.  She also argues that the balance of equities weigh in favor of Clerk Parker because she took all reasonable actions to recover the full amounts placed on deposit with the court.  *Id.*

Hartford properly points out that Clerk Parker offers no opposition to Hartford's right to indemnity, but raises arguments about subrogation rights, which are similar but not the same

1  rights.  Dkt. 29.  Hartford notes that indemnity applies "where one party, without fault, is

2  compelled to pay damages cause by the fault of another." Dkt. 29 (citing *Newcomer v. Masini,* 45

3  Wn.App.284, 286-287 (1986).  Subrogation, in contrast, is the substitution of another "In place of

4  the creditor as a matter of course, without any express agreement to that effect." *Id.(quoting*

5  *Newcommer* at 286*).*  Hartford argues that it is not seeking subrogation as a remedy in this

6  motion, but seeks to be indemnified in accord with Washington law, and that in any event, Clerk

7  Parker's discussion of equities and "unclean hands" does not bar summary judgment.  *Id.*  Clerk

8  Parker argues that Hartford's failure to meaningfully defend her against the Estate's claims should

9  weigh against granting summary judgment.  First, Clerk Parker fails to point to provision in the

10  bond that requires Hartford to defend either her or the County.  "[A] surety's liability on its bond

11  is determined by the terms of the bond." *Joint Administrative Board of Plumbing and Pipefitting*

12  *Industry v. Fallon*, 89 Wn.2d 90, 94 (1977).  She points to no case law that a surety, as opposed

13  to an insurer in a liability insurance contract, has a duty to defend her.  Moreover, the record

14  indicates that Hartford did participate in her defense, even though they did not prevail in

15  opposing the summary judgment motion.  Clerk Parker's argument that her attempts at recovering

16  the funds entrusted to her should weigh against Hartford's claims for indemnification are likewise

17  unavailing.  There is no evidence that Hartford participated in any wrong doing as is implied by

18  Clerk Parker's general "unclean hands" assertion.  These arguments fail to raise issues of material

19  fact or show that Hartford is not entitled to a judgment as a matter of law.

20      Clerk Parker argues that as an insured, Hartford has no right of subrogation against her.  Dkt.

21  26.  She conflates suretyship and insurance contract law.  She fails to cite any authority that

22  supports her position that as a surety, Hartford has no right of indemnity against her as the

23  principal.

24

ORDER ON PLAINTIFF HARTFORD FIRE
INSURANCE COMPANY'S MOTION FOR
SUMMARY JUDGMENT AGAINST
DEFENDANT SHERRY W. PARKER- 8

1    Clerk Parker further asserts that Clark County waived its right of subrogation against her for

2 actions taken in good faith and in the course and scope of her duties.  Dkt. 26.  She does not

3 explain how this argument is relevant to Hartford's right of indemnity against her.  *Id.*  She has

4 not shown that this, in some manner, creates material issues of fact or bars a judgment in favor of

5 Hartford as a matter of law.  Hartford's Motion for Summary Judgment (Dkt. 22) should be

6 granted.

7    The Court is mindful of the harsh result of this Order.  This Order is limited to the motion

8 before the Court.  It is not intended, in any manner, to affect any claims the Parkers may have

9 against Clark County or Farmers Insurance Exchange, Inc..

10                   **III.**   **ORDER**

11    Therefore, it is hereby **ORDERED** that:

12       • Plaintiff Hartford Fire Insurance Company's Motion for Summary Judgment

13          against Defendant Sherry W. Parker (Dkt. 22) **IS GRANTED;**

14       • Defendant Sherry W. Parker, in her official capacity as Clark County Clerk, and

15          Sherry W. Parker and Philip A. Parker, individually, **SHALL** indemnify Plaintiff

16          Hartford Fire Insurance Company for the $300,000 it paid on the bond; and

17       • The Clerk is directed to enter judgment against Sherry W. Parker, in her official

18          capacity as Clark County Clerk, and Sherry W. Parker and Philip A. Parker,

19          individually in favor of Hartford Fire Insurance Company for $300,000.

20

21

22

23

24

ORDER ON PLAINTIFF HARTFORD FIRE
INSURANCE COMPANY'S MOTION FOR
SUMMARY JUDGMENT AGAINST
DEFENDANT SHERRY W. PARKER- 9

1      The Clerk is directed to send uncertified copies of this Order to all counsel of record and

2 to any party appearing pro se at said party's last known address.

3      Dated this 18th day of July, 2013.

4

5

6 ROBERT J. BRYAN
   United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON PLAINTIFF HARTFORD FIRE
INSURANCE COMPANY'S MOTION FOR
SUMMARY JUDGMENT AGAINST
DEFENDANT SHERRY W. PARKER- 10